IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

DONALD RAY COWAN,            )
            )
       **Plaintiff,**       )
            )
vs.               )      **Case No. 17-CV-324-TCK-FHM**
            )
MIKE HUNTER, *ET. AL.*,      )
            )
            )
       **Defendants.**     )

## OPINION AND ORDER

Before the Court are the following motions: (1) Plaintiff's Motion to Strike the Motion to Dismiss of Tulsa County Sheriff Vic Regalado and Motion to Reset Response Deadlines (Doc. 19)[1]; (2) Defendant Vic Regalado's Motion to Dismiss for Failure to State a Claim (Doc. 15); (3) Defendants Mike Hunter's and Joe Allbaugh's Motion to Dismiss for Lack of Jurisdiction and for Failure to State a Claim (Doc. 26); (4) Defendants Mike Huff's, Michael Nance's, Richard Meulenberg IV's, and the City of Tulsa's Motion to Dismiss for Failure to State a Claim (Doc. 76) (adopting Doc. 26 *in toto*); and (5) Defendant Steven Kunzweiler's Motion to Dismiss for Lack of Jurisdiction and for Failure to State a Claim (Doc. 78). For reasons discussed below, motion (1) is DENIED and motions (2)-(5) are GRANTED.

---

[1] Plaintiff moves to strike Defendant Vic Regalado's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(f) ("Rule 12(f)"). Rule 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous material." However, Rule 12(f) is inapplicable to motions; by its text, it applies only to "pleadings." *See* FED. R. CIV. P. 7(a) (the only "pleadings" allowed are complaints, answers, and replies to complaints); *McNeil v. Post*, No. 15-cv-478, 2016 U.S. Dist. LEXIS 69099, at *20 (N.D. Okla. May 26, 2016) (Rule 12(f) cannot apply to motions). Accordingly, Defendant Vic Regalado's Motion to Dismiss is not subject to a Motion to Strike pursuant to Rule 12(f) and Plaintiff's Motion to Strike and Motion to Reset Response Deadlines (Doc. 19) is DENIED.

## I.      Background and Factual Allegations

This case arises out of Plaintiff Donald Ray Cowan ("Plaintiff")'s past conviction for first

degree manslaughter.  At the time of the events leading to his conviction, Plaintiff was employed

as an armed security guard for a Section 8 housing apartment complex.  On January 10, 2004,

while performing his duties, Plaintiff, a Caucasian man, shot and killed Ronald Henderson

("Henderson"), an African-American man.

On January 3, 2005 Plaintiff was charged with one count of first degree manslaughter.  On

November 15, 2007, Plaintiff was convicted by jury trial in Tulsa County District Court and

sentenced to four years in the custody of the Department of Corrections.[2]  He was released on May

17, 2011.  Plaintiff filed this action on June 8, 2017.  (Doc. 1.)  He filed his Amended Complaint

on July 7, 2017 (Doc. 6), naming the following parties as Defendants: Oklahoma Attorney General

Mike Hunter ("Hunter"); District Attorney for Tulsa County Steven Kunzweiler ("Kunzweiler");

Tulsa Police Detectives Mike Huff ("Huff"), Michael Nance ("Nance"), and Tulsa Police Officer

Richard Gerald Meulenberg IV ("Meulenberg"); City of Tulsa; Sheriff of Tulsa County Vic

Regalado ("Regalado"); and Director of the Oklahoma Department of Corrections Joe Allbaugh

("Allbaugh") (collectively, "Defendants").  The Sheriff of Comanche County was also named in

the Amended Complaint but was terminated from this litigation on October 23, 2017.  (Doc. 58.)

---

[2] These dates are noted in the Tulsa County docket.  Because the Tulsa County docket is relevant to both whether the Court has subject-matter jurisdiction in this case, and Plaintiff's ability to state a claim upon which relief can be granted, this Court will take judicial notice of the docket. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) ("[W]e may exercise our discretion to take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand."); *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979) (federal courts may take notice of proceedings in other courts, both within and without the federal judicial system).

Defendants Hunter, Allbaugh, Kunzweiler, Huff, Nance, Meulenberg, and City of Tulsa have filed motions to dismiss for lack of subject-matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)"). Additionally, all Defendants have filed motions to dismiss for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)").

## II. Claims Alleged

Plaintiff is a *pro se* litigant; accordingly, the Court construes his allegations liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Court can reasonably read the pleadings to state a valid claim on which the plaintiff would prevail, it should do so "despite the plaintiff's failure to cite proper legal authorities, his confusion of various legal theories, his poor syntax and sentence structure, or his unfamiliarity with pleading requirements." *Id*. However, the Court may not assume the role of advocate for the *pro se* litigant. *See id*. Based on the allegations in Plaintiff's Amended Complaint (Doc. 6), the Court construes Plaintiff's causes of action as follows:

1.    As-applied challenge to OKLA. STAT. ANN. tit. 21 sec. § 711, "First Degree Manslaughter," under 42 U.S.C. § 1983 ("§ 1983"), for violating the Fourth Amendment and Fourteenth Amendment, naming Defendants Kunzweiler and Hunter.

2.    As-applied challenge to OKLA. STAT. ANN. tit. 21 sec. § 1289, "Oklahoma Firearm Control Act of 1971," under § 1983, for violating the Fourth Amendment and Fourteenth Amendment, naming Defendants Kunzweiler and Hunter.[3]

---

[3] The Court construes the as-applied Constitutional challenges in Claims 1 and 2 as claims made under § 1983 because they name specific, municipal-level officials, who enforced these state laws against Plaintiff and caused him to be deprived of his Constitutional rights.

3.     Fourteenth Amendment equal protection violation under § 1983, for singling Plaintiff out

       for prosecution based on his race, against Defendant City of Tulsa, Tulsa County and

       Defendant Kunzweiler in his individual capacity.

4.     Fourteenth Amendment due process violation under § 1983, for manufacturing and

       presenting false circumstantial evidence to enable the city to violate Plaintiff's Second

       Amendment rights, against Defendant City of Tulsa, and Tulsa County.[4]

5.     Fourth Amendment violation under § 1983, for the unlawful seizure of Plaintiff's gun,

       against Defendants Kunzweiler, Huff, Nance, and Meulenberg.

6.     Fourth Amendment violation under § 1983, for manufacturing evidence to support the

       unlawful seizure of Plaintiff's gun, against Defendants Kunzweiler, Huff, Nance, and

       Meulenberg.

7.     Fourteenth Amendment due process violation under § 1983, for prosecuting Plaintiff for

       exercising his Second Amendment rights, against Defendants Kunzweiler, Huff, Nance,

       and Meulenberg.

8.     Eighth Amendment violation under § 1983, because going to prison was humiliating,

       against Defendants Kunzweiler, Huff, Nance, and Meulenberg.

---

[4] Plaintiff makes Claims 3 and 4 against Defendants Kunzweiler, Huff, Nance, and Meulenberg in their official capacity. A § 1983 action against a person in his official capacity is, in reality, an action against the government entity for whom the person works, provided that the public entity received notice and an opportunity to respond. *See Brandon v. Holt*, 469 U.S. 464, 471-72 (1985); *Johnson v. Bd. of Cnty. Comm'rs for Cnty. of Fremont*, 85 F.3d. 489, 493 (10th Cir. 1996) (internal citations omitted). Kunzweiler is employed by Tulsa County, while Huff, Nance, and Meulenberg are employed by the City of Tulsa. All appear to be represented by their employers' counsel. Accordingly, the Court may appropriately construe these claims as against the City of Tulsa and Tulsa County.

9.     Second Amendment violation under § 1983, for failure to supervise and provide proper

       training to its police force regarding citizens' Second Amendment rights, against

       Defendant City of Tulsa.[5]

10.    Fourteenth Amendment due process violation under § 1983 for failure to supervise officers

       who manufactured evidence and perjured themselves while under oath, against Defendant

       City of Tulsa.

11.    Fourth Amendment violation under § 1983 for seizing Plaintiff's gun without a property

       receipt, against Defendant City of Tulsa.

## III.    Defendants' Motions to Dismiss for Lack of Subject-Matter Jurisdiction

### A.  Rule 12(b)(1) Standard

This Court has an ongoing, independent obligation to determine whether subject-matter

jurisdiction exists, even in the absence of a challenge from a party.  *See 1mage Software, Inc. v.*

*Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006); FED. R. CIV. P. 12(h)(3).

Accordingly, though only some of the defendants have challenged the Court's subject-matter

jurisdiction, this Court will first evaluate whether it may exercise subject-matter jurisdiction over

all claims in this case.  Because federal courts are courts of limited jurisdiction, plaintiffs have the

burden to allege sufficient jurisdictional facts to survive such an inquiry.  *See McNutt v. General*

*Motors Acceptance Corp. of Indiana, Inc.*, 298 U.S. 178, 182 (1936); *Montoya v. Chao*, 296 F.3d

952, 955 (10th Cir. 2002).

---

[5] Although Plaintiff does not cite § 1983, the Court construes Claims 9-11 as § 1983 claims because municipalities are "persons" for the purposes of § 1983.  *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690-91 (1978).

**B. Analysis**

Defendants Hunter, Allbaugh, Kunzweiler, Huff, Nance, Meulenberg, and City of Tulsa contend that Plaintiff's claims are barred under the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine precludes a losing party in state court who complains of injury caused by the state-court judgment from bringing a case seeking review and rejection of that judgment in federal court. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291-92 (2005). Only the United States Supreme Court has appellate authority to review a state-court judgment. *See id.*, at 283. Accordingly, district courts do not have subject-matter jurisdiction to review or reject state-court judgments or the injuries they cause. *See Rooker v. Fid. Trust Co.*, 263 U.S. 413, 415 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983). *Rooker-Feldman* applies to both civil and criminal state-court judgments. *See id.*; *see also Market v. City of Garden City*, No. 16-3293, 2017 U.S. App. LEXIS 25236, at *7 (10th Cir. Dec. 14, 2017) (unpublished); *Erlandson v. Northglenn Mun. Court*, 528 F.3d 785, 790 (10th Cir. 2008).

The *Rooker-Feldman* doctrine applies to both (1) federal claims actually decided by a state court and (2) federal claims inextricably intertwined with a state-court judgment, such that an element of the claim is that the state court wrongfully entered its judgment. *See Campbell v. City of Spencer*, 682 F.3d 1278, 1282-83 (10th Cir. 2012); *Merrill Lynch Bus. Fin. Servs. v. Nudell*, 363 F.3d 1072, 1075 (10th Cir. 2004). The *Rooker-Feldman* doctrine, however, does not extend to actions in federal court that run parallel to the actions in state court, or to cases that raise independent claims, even if those claims raise overlapping legal issues. Such cases would be subject only to preclusion law. *See Exxon*, 544 U.S. at 292-93.

Plaintiff's as-applied Constitutional challenges (Claims 1 and 2) are barred under *Rooker-Feldman*, as they by their nature seek to upset a prior state-court judgment applying that law

against him. *See Feldman*, 460 U.S. at 482-83 (district courts have subject-matter jurisdiction to hear general attacks on the constitutionality of a state law that was applied against the Plaintiff, but not as-applied challenges); *Kenman Eng'g v. City of Union*, 314 F.3d 468, 476 (10th Cir. 2002) (a party may bring a general constitutional challenge to state law if the party does not request that the federal court upset a prior state-court judgment applying that law against the party) (internal citations omitted).

Plaintiff's Fourteenth Amendment § 1983 claims challenging his prosecution, both those naming Defendants in their individual capacity and those against Defendant City of Tulsa or Tulsa County (Claims 3, 4, 7 and 10), are also barred under *Rooker-Feldman.* A plaintiff may in certain instances challenge in federal court the government's decision to charge Plaintiff with a crime, without also challenging his underlying conviction. For example, in *Mo's Express, LLC v. Sopkin*, the court had subject-matter jurisdiction over the plaintiff's claim that the Colorado Public Utility Commission exercised its jurisdiction in a manner that violated the Equal Protection Clause, because the plaintiff only requested prospective relief. *See* 441 F.3d 1229, 1237-38 (10th Cir. 2006). By contrast, when a plaintiff challenges the decision to prosecute and seeks abrogation of the state-court judgment as a remedy, a district court is barred from hearing that challenge under *Rooker-Feldman*. *See Market*, 2017 U.S. App. LEXIS 25236, at \*7-\*8.[6]

In this case, it is impossible to construe Plaintiff's claims as anything other than a request for this Court to review and vacate the state-court judgment. Plaintiff seeks "an order Vacating the District Court [sic] 'Manslaughter by Dangerous Weapon Judgment' [sic] in Tulsa County

---

[6] A state prisoner may also bring a § 1983 claim challenging his conviction or sentence if the conviction or sentence has been invalidated. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994). As Plaintiff's conviction has not been invalidated, the *Heck* doctrine is not at issue in this case.

Case No: CF-2005-1." (Doc. 6, at 24.) Additionally, Plaintiff has requested "compensatory and punitive relief in excess of $156,000,000." (Doc. 6, at 1.) This requested relief, in combination with the request to vacate Plaintiff's conviction, demonstrates that Plaintiff is asking the Court to review and reject the state-court judgment and to award compensation for that judgment. Though Plaintiff states that he does seek injunctive relief, he does not indicate what conduct he seeks to enjoin. (*Id*. at 1.)[7] Moreover, as Plaintiff's prosecution is not ongoing, there is nothing to enjoin. Because this relief would require appellate review of the state-court judgment, Claims 1-4, 7, and 10 are barred by *Rooker-Feldman*.

However, Plaintiff's Fourth Amendment claims based on the seizure of his gun (Claims 5, 6, and 11) arise independently of the state-court judgment. These claims are identical to what they would have been, even had there been no state-court judgment, and accordingly are not barred under *Rooker-Feldman*. *See Bolden v. City of Topeka*, 441 F.3d 1129, 1145 (10th Cir. 2006) ("*Rooker-Feldman* does not bar federal-court claims that would be identical even had there been no state-court judgment; that is, claims that do not rest on any allegation concerning the state-court proceedings or judgment."). Similarly, the Court construes Plaintiff's Second Amendment claim (Claim 9) to allege that Plaintiff suffered a violation of his Second Amendment rights due to the seizure of his firearm on January 10, 2004, after he shot Henderson. Accordingly, like the Fourth Amendment claims that arise from that seizure of his firearm, this claim is identical to what it

---

[7] Plaintiff did, after filing his Amended Complaint, filed a Motion for Preliminary Injunction. (Doc. 52.) This Motion similarly does not seek to enjoin any conduct against Plaintiff. Similarly, though Plaintiff has also attempted to cast his case as a class action, he has not pled any other class representatives against whom any conduct can be enjoined. Accordingly, this Motion does not rebut the conclusion that Plaintiff seeks the Court to review and vacate the state-court judgment.

would have been if there had been no state-court proceeding, and is not barred under *Rooker-Feldman*. *Id*.

Finally, Plaintiff's Eighth Amendment claim (Claim 8) is also not barred by *Rooker-Feldman*, because this claim challenges the post-judgment enforcement of the state-court judgment, not the judgment itself. A party's challenge to state-court procedures for enforcement of a judgment is not barred by *Rooker-Feldman*, as long as it does not require the court to reconsider the underlying state-court decision. *See Kenman Eng'g v. City of Union*, 314 F.3d at 476 (*citing Kiowa Indian Tribe of Okla. v. Hoover*, 150 F.3d at 1170-71 (2002)). Because the Court could plausibly find Plaintiff's imprisonment violated the Eighth Amendment without vacating the state-court judgment, this claim is not barred by *Rooker-Feldman*.

## IV. Defendants' Motions to Dismiss for Failure to State a Claim

Defendants Hunter, Allbaugh, Kunzweiler, Huff, Nance, Meulenberg, and the City of Tulsa additionally argue that all of Plaintiff's claims are time-barred. The Court will address this argument with respect to Claims 5, 6, 8, 9, and 11, which are Plaintiff's only remaining claims not barred under *Rooker-Feldman.*

### A. Rule 12(b)(6) Standard

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). By contrast, "[i]f the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." *Jones v. Bock*, 549 U.S. 199, 215 (2007). Generally, the sufficiency of a complaint must rest on the contents of the complaint alone; however, the court may consider "matters of which the court

may take judicial notice." *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010). In this case, this Court may take judicial notice of the state-court docket. *See supra* n.1.

Section 1983 does not provide any statute of limitations. Accordingly, courts must look to state law for the appropriate period of limitations in § 1983 cases. *See Wilson v. Garcia*, 471 U.S. 261, 266-67 (1985). The Tenth Circuit has held that the appropriate period of limitations for § 1983 actions brought in the state of Oklahoma is two years. *See Meade v. Grubbs*, 841 F.2d 1512, 1522-24 (10th Cir. 1988); OKLA. STAT. ANN. tit. 12 sec. 95(3). While state law governs statutes of limitations, federal law determines the accrual of § 1983 claims. *See Alexander v. Oklahoma*, 382 F.3d 1206, 1215 (10th Cir. 2004); *Baker v. Board of Regents*, 991 F.2d 628, 632 (10th Cir. 1993). A § 1983 claim accrues when "facts that would support a cause of action are or should be apparent." *See Fratus v. Deland*, 49 F.3d 673, 675 (10th Cir. 1995) (internal quotations omitted).

### B. Analysis

In this case, the latest date that any of Plaintiff's claims could have accrued is November 15, 2004, the date of his formal sentencing. With the exception of Plaintiff's Eighth Amendment claim, all of Plaintiff's claims concern events that took place before or during his trial. Moreover, Plaintiff's Eighth Amendment claim appears to challenge not any specific harm that he suffered in prison, but the fact that he went to prison at all. Accordingly, at the time of his sentencing on November 15, 2004, Plaintiff knew or should have known facts that would support all of his claims. However, Plaintiff did not file this action until June 8, 2017, well outside the two-year statute of limitations applicable to § 1983 cases brought in Oklahoma. Accordingly, all of Plaintiff's remaining § 1983 claims are time-barred as to all defendants.[8]

---

[8] In his Response to Defendant Kunzweiler's Motion to Dismiss (Doc. 79) and Response to Defendant Huff's, Nance's, Meulenberg's, and City of Tulsa's Motion to Dismiss (Doc. 80), Plaintiff raised the claim that his ongoing obligation to register as a violent offender under the

## V. Conclusion

For the reasons set forth above, the Court finds that (1) Claims 1-4, 7, and 10 should be dismissed pursuant to Rule 12(b)(1) for lack of subject-matter jurisdiction; and (2) Claims 5, 6, 8, 9, and 11 should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim as to all defendants.

Plaintiff's Motion to Strike Document [Tulsa County Sheriff Vic Regalado's Motion to Dismiss] and Motion to Reset Response Deadline (Doc. 19) is **DENIED**.

Defendant Vic Regalado's Motion to Dismiss for Failure to State a Claim (Doc. 15) is **GRANTED**.

Defendants Mike Hunter's and Joe Allbaugh's Motion to Dismiss for Lack of Jurisdiction and Motion to Dismiss for Failure to State a Claim (Doc. 26) is **GRANTED**.

Defendants Mike Huff's, Michael Nance's, Richard Meulenberg IV's, and the City of Tulsa's Motion to Dismiss for Failure to State a Claim (Doc. 76) is **GRANTED**.

Defendant Steven Kunzweiler's Motion to Dismiss for Failure to State a Claim and Motion to Dismiss for Lack of Jurisdiction (Doc. 78) is **GRANTED**.

Plaintiff's Motion for Class Action Certification and Motion for Appointment of Class Council [sic] (Doc. 5) is **DENIED** as MOOT.

Plaintiff's Motion for 60(B)(4) Relief and Motion for Hearing (Doc. 18 and Doc. 20) is **DENIED** as MOOT.

---

Mary Rippy Violent Crime Offenders Registration Act creates an "ongoing violation" and his claim is therefore not barred by the statute of limitations. See OKLA. STAT. ANN. Tit. 57 sec. 591., et seq. Because this claim was not asserted in the Amended Complaint, the Court will not consider it. *See Lawmaster v. Ward*, 125 F.3d 1341, 1346 n.2 (10th Cir. 1997).

Plaintiff's Motion for Hearing on Plaintiff's Response in Opposition to Defendants Mike Hunter's and Joe Allbaugh's Motion to Dismiss (Doc. 31) is **DENIED** as MOOT.

Plaintiff's Motion for Leave to File a Supplemental Brief in Support (Doc. 32) is **DENIED** as MOOT.

Plaintiff's Motion for Declaratory Judgment (Doc. 34) is **DENIED** as MOOT.

Plaintiff's Motion for Judgment as a Matter of Law (Doc. 43) is **DENIED** as MOOT.

Plaintiff's Motion for the Court to Take Judicial Notice (Doc. 44) is **DENIED** as MOOT.

Plaintiff's Motion for Summary Judgment (Doc. 49) is **DENIED** as MOOT.

Plaintiff's Motion for Preliminary Injunction (Doc. 52) is **DENIED** as MOOT.

Plaintiff's Motion for an Evidentiary Hearing (Doc. 68) is **DENIED** as MOOT.

**IT IS THEREFORE ORDERED** that Plaintiff's case is **DISMISSED**. A separate judgment of dismissal is entered herewith.

**DATED THIS 8th day of March, 2018.**

**TERENCE C. KERN**
**United States District Judge**